**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

**JANE DOE**

**Plaintiff,**

**v.**

**GLENN BRAZEAL**

**Defendant.**

---

**Plaintiff's Motion To Proceed Under a Pseudonym**

**With Incorporated Authority**

---

Plaintiff Jane Doe, by and through her attorney, Brian A. Murphy, of the Murphy Law Firm, LLC, moves the Court for permission to proceed under pseudonym in this matter, and in support, states as follows:

1. This action is brought against Defendant pursuant to 15 USC § 6851, because Defendant was in possession of intimate images of Plaintiff Doe and then electronically disclosed and distributed those images without the consent of Plaintiff. This is also a violation of Colorado law pursuant to C.R.S. § 13-21-1401, et. Seq.

1

2. Both the Federal and State statutes contain specific provisions allowing Plaintiffs to bring actions using pseudonyms. Only the Federal procedures are required here.

3. The Federal Statute states: "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 USC § 6851(3)(B).

4. Although the statute specifically mentions the use of a pseudonym regarding the issuance of injunctive relief by the Court, "the relief afforded by the statute would be rendered moot if a plaintiff asserting a claim under 15 U.S.C. § 6851 is required to identify himself or herself in the initial pleading." *S. S. v Collins*, Civil Action No. 23-892, pg. 4 (D. N.J. 2023); *citing Doe v. Coll. of New Jersey*, 997 F.3d 489, 494 (3d Cir. 2021)(court "cannot anonymize a litigant's already publicized identity" as "[t]hat bell cannot be unrung"); *Doe v. Massachusetts Inst. of Tech*., 46 F.4th 61, 66 (1st Cir. 2022) ("Once the litigant's true name is revealed on the public docket, the toothpaste is out of the tube and the media or other interested onlookers may take notice in a way that cannot be undone . . . down the road.").

5. In addition, the Colorado statutory claim brought based on violations of C.R.S. § 13-21-1401, et. Seq, also explicitly provides for actions to be brought using a pseudonym. That statute states: "A plaintiff may proceed using a pseudonym in place of the true name of the plaintiff [and] The court may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the plaintiff." *C.R.S. § 13-21-1405(1).*

2

**6.** As the entire case is about Defendant disclosing the private, intimate, nude photographs and sexually explicit activity of Plaintiff without Plaintiff's permission, and doing so with the specific intent to embarrass and cause damage to Plaintiff and her reputation through those disclosures, it is essential that we preserve Plaintiff's anonymity in all publicly filed documents in order to prevent Plaintiff from experiencing even more harm as she attempts to stop the illegal activities of Defendant.

**7.** Further, Defendant will instantly know who Plaintiff is because, based upon information and belief, he has only done this to one person on or about April of 2026. Therefore, Defendant will suffer no harm as a result of keeping all identifying information regarding Plaintiff out of this suit.

**8.** Accordingly, in addition to proceeding under pseudonym, Plaintiff also asks the Court to enter an Order prohibiting all Parties from disclosing Plaintiff's identity in all documents and pleadings filed with the Court and from identifying her to all individuals not involved in this case.

**9.** Defendant formerly worked at the same small company where Plaintiff is employed, and the owner and employees of this company were the people Defendant sent the nude image. Therefore, reference to these facts are unavoidable, but naming the company would result in Plaintiff losing her statutorily guaranteed public anonymity due to the limited number of employees.

WHEREFORE, Plaintiff asks the Court to enter an Order granting her permission to proceed using the pseudonym Jane Doe; precluding Defendant from identifying

3

Plaintiff in any documents or pleadings filed in the case; ordering Defendant to refrain from identifying Plaintiff to any persons not directly involved in this case; and ordering Defendant not to disclose any information in any of those circumstances which would lead to Plaintiff being readily identified by anyone familiar with the parties, including the name of the company at which they both worked.

Dated:    May 22, 2026

s/ Ryan S. Cohn
Ryan S. Cohn
The Murphy Law Firm, LLC
11859 Pecos St, STE 110
Westminster, CO 80234
Phone: 303-536-7000
Fax: 303-320-0827
ryan.cohn@brianmurphy.net
Attorney for Plaintiff Jane Doe
